UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Leslie Villa, | Case No. 2:21-cv-02030-JAD-VCF |
| Petitioner | |
| v. | **Order Directing Response to Petition** |
| William Hutchings, et al., | |
| Respondents | |

Petitioner Leslie Villa brings this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2015 Nevada state-court conviction for first degree kidnapping, domestic battery by strangulation, and battery causing substantial bodily harm.[1]  Villa has paid the filing fee.[2]  Having completed a preliminary review of the petition under Habeas Rule 4, I direct the Clerk of Court to docket it[3] and serve it on respondents.

Villa also moves the court to appoint an attorney to represent him in this habeas case.[4] There is no constitutional right to appointed counsel for a federal habeas corpus proceeding,[5] but the court must appoint an attorney if (1) a case is so complex denying counsel would deny due process or (2) the petitioner's education is so limited that he is incapable of fairly presenting his

---

[1] ECF No. 1-1.

[2] ECF No. 4.

[3] Because a petition for federal habeas corpus should include all claims for relief of which petitioner is aware, failure to include such a claim in a petition may result in it being forever barred. *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, preferably in a motion to amend his petition to add the claim.

[4] ECF No. 1-2 (motion for counsel).

[5] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

claims.[6] Villa's petition presents the issues that the petitioner wishes to bring in a manner that is sufficiently clear, and the issues in this case are not particularly complex, so it does not appear that appointment of counsel is warranted here. The motion for the appointment of counsel is thus denied.

**IT IS THEREFORE ORDERED** that the Clerk is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents; and
- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents, and **PROVIDE** respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that **respondents must file a response to the petition within 60 days of service of the petition. Petitioner will then have 60 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.** Any other motions will be subject to the normal briefing schedule under the local rules. Any response to the petition must comport with Habeas Rule 5.

Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatim fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

---

[6] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984); *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

4. Respondents must file the state court exhibits relevant to their response to the petition in chronological order.

5. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter.  The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as an "attachment" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page.  *See* LR IC 2-2(a)(3)(A).

6. LR IC 2-2(g)'s paper-copies rule is waived for this matter, so paper copies of electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel **[ECF No. 1-2] is DENIED.**

Dated: December 17, 2021

_____
U.S. District Judge Jennifer A. Dorsey