UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LESLIE VILLA,

                          Petitioner,

    v.

WILLIAM HUTCHINGS, *et al.*,

                      Respondents.

Case No. 2:21-cv-02030-ART-VCF

ORDER

Respondents have filed a motion to dismiss in response to Leslie Villa's first amended petition (FAP) for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 27). ECF No. 31. Respondents argue that the petition was untimely filed and that claims contained in the petition do not relate back to a timely filed petition. Respondents also argue that some of Villa's claims are unexhausted. For reasons that follow, the motion is granted in part and denied in part.

I. **Background**[1]

In 2015, Villa was convicted in Nevada's Fifth Judicial District Court of first-degree kidnapping, domestic battery (strangulation), and battery causing substantial bodily harm. The state district court sentenced Villa to life in prison with the possibility of parole after serving seven years. Villa filed a timely notice of appeal.

On July 28, 2016, the Nevada Supreme Court issued a decision affirming Villa's judgment of conviction. On February 1, 2017, Villa filed a petition for post-conviction relief in the state district court that was denied. Villa appealed. The Nevada Court of Appeals affirmed the lower court's denial, and a remittitur was issued on May 18, 2021.

---

[1] The information in this section is drawn from the state court recorded filed at ECF Nos. 19-21 and this court's own docket.

On November 1, 2021, Villa constructively filed the federal habeas petition that initiated this proceeding. After this court appointed counsel, Villa filed his FAP on April 17, 2023.

## II.  Discussion

### 1.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id.* Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

For amended federal petitions filed beyond the statutory period, the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), limits a habeas petitioner's ability to have newly-added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). The Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. 545 U.S. at 663-64. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence," for the purposes of Fed. R. Civ. P. 15(c), will consist of each separate set of facts that supports a ground for relief. *Id.* at 661. The scope of Rule 15(c) must be read in light of Habeas Rule 2(c), which "instructs petitioners to 'specify all [available] grounds for relief' and to 'state

2

the facts supporting each ground.'" *Id.* (alteration in original).

The respondents argue that Villa's FAP was filed beyond the statutory time period for filing a federal habeas petition under 28 U.S.C. § 2254. They identify Grounds 2, 3, 4(A), and 4(B) as claims that must be dismissed as untimely because they do not relate back to the claims in a timely-filed petition.[2] In response, Villa concedes that his FAP was not filed within the statutory period, but disputes the respondents' contention that the claims do not relate back.

*Ground 2* – In Ground 2, Villa alleges that his conviction for domestic battery (strangulation) and battery causing substantial bodily harm violates the Fifth Amendment's prohibition against double jeopardy. He argues that the claim relates back because he alleged due process violations throughout his initial federal petition (ECF No. 7) and attached to that petition the Nevada Supreme Court's decision addressing the double jeopardy argument he raised on direct appeal.

Villa is correct that attachments to a timely petition can provide the necessary facts to support relation back, but the petition itself must at least identify specific grounds for relief to which the facts relate. *See Ross v. Williams*, 950 F.3d 1160, 1170 (9th Cir. 2020) ("If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back."). Even under *Ross*, however, facts contained in attachments to the initial petition cannot provide the basis for relation back if they are not

---

[2] In their initial motion to dismiss, the respondents also identified Grounds 1 and 4(C) as claims that do not relate back. In their reply, they concede that Ground 1 does relate back. ECF No. 47 at 3. With respect to Ground 4(C), respondents "withdraw their argument as to relation-back because [their] failure to exhaust argument ... provides a stronger basis for dismissal." ECF No. 47 at 6.

related to grounds for relief asserted within the timely petition. *Id.* at 1168 ("If an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back.").

That is the case here as the relevant facts in the Nevada Supreme Court decision do not relate to a ground for relief within Villa's initial petition.[3] Villa's initial petition does not contain the core of operative facts supporting Ground 2 of his FAP. Thus, Ground 2 is time-barred.

*Ground 3* – In Ground 3, Villa alleges that the State violated his right to due process when, in bad faith, it refused to collect and preserve a sample of his urine or blood to corroborate his voluntary intoxication claims. Ground 3 shares a common core of operative facts with claims contained in Villa's initial petition. ECF No. 7 at 7, 28-29, 47-48. Thus, Ground 3 is not time-barred.

*Ground 4(A)* – In Ground 4(A), Villa alleges that his trial counsel was ineffective for failing to investigate and properly prepare his expert, Dr. Melvin Pohl, and to ensure that Dr. Pohl conducted an individualized assessment of Villa to determine whether he had in fact acted under the influence of phentermine on the day of the crimes. Villa claims that, had counsel completed those tasks, he (Villa) would have been able to demonstrate that his voluntary intoxication precluded him from forming the intent required to commit first-degree kidnapping or domestic battery by strangulation.

Villa argues that Ground 4(A) relates back to Grounds 1 and 3 of his initial petition. Ground 1 of the initial petition asserts various claims of ineffective assistance of counsel but makes no reference to Dr. Pohl or to

---

[3] This court's noncapital Section 2254 habeas petition form and the instructions direct the petitioner to attach to his petition a copy of all state court written decisions regarding his conviction. https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/2254-Habeas-Petition-NOT-Sentenced-toDeath-Packet.pdf. In all likelihood, Villa was merely complying with that direction rather attempting to provide additional factual details in support of his claims.

counsel's alleged failure to prepare a voluntary intoxication defense. ECF No. 7 at 3, 43-44. Ground 3 of the initial petition alleges that the State failed to preserve evidence regarding Villa's apparent intoxication when he was arrested and interrogated. ECF No. 7 at 7, 28-29, 47-48. Ground 4(A) in the FAP is based on a different nucleus of facts than Grounds 1 and 3 of the initial petition. Thus, Ground 4(A) does not relate back to the initial petition and is, therefore, time-barred. *See Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (the fact that claims share a fact "is not sufficient to conclude that they arise out of a common core of operative facts").

*Ground 4(B)* – In Ground 4(B), Villa alleges that his trial counsel was ineffective for failing to object to prosecutorial misconduct during closing statements. Ground 4(B) incorporates Ground 1 of the FAP, wherein Villa alleges that the prosecutor injected his personal opinion and beliefs regarding Villa's guilt, urged the jury to disregard jury instructions, and denigrated and ridiculed defense counsel. Ground 4(B) shares a common core of operative facts with claims contained in Villa's initial petition. ECF No. 7 at 3, 5, 43, 45-46. Thus, Ground 4(B) is not time-barred.

## 2. Exhaustion

Generally, this court is not permitted to grant habeas relief unless the petitioner has exhausted the remedies available in the state court. See 28 U.S.C. § 2254(b). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364,

5

365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Respondents argue that Grounds 1, 3, and 4(A-C) are unexhausted.

*Ground 1* – In Ground 1, Villa alleges that prosecutorial misconduct that occurred during closing arguments deprived him of his Fifth Amendment right to due process. As noted above, he supports the claim with allegations that the prosecutor injected his personal opinion and beliefs regarding Villa's guilt, urged the jury to disregard jury instructions, and denigrated and ridiculed defense counsel.

Villa argued on direct appeal that he was entitled to relief based on prosecutorial misconduct during closing statements. ECF No. 20-26 at 40-42. The Nevada Supreme Court addressed the argument in its decision affirming Villa's conviction. ECF No. 20-30 at 4. While Ground 1 cites remarks by the prosecutor that were not included in Villa's direct appeal brief, that it is not sufficient to render the claim unexhausted. *See Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994) ("[N]ew factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986)). Ground 1 is exhausted.

*Ground 3* – Villa exhausted Ground 3 by arguing on direct appeal that the State's failure to preserve Villa's blood for testing violated his federal right to due process. ECF No. 20-26 at 21-25.

*Ground 4(A)* – Villa exhausted Ground 4(A) by fairly presenting the claim to the Nevada Supreme Court when he appealed the state district court's denial of his state post-conviction proceeding.[4] ECF No. 20-43 at 20-34.

*Ground 4(B)* – Villa exhausted Ground 4(B) by fairly presenting the claim to the Nevada Supreme Court when he appealed the state district court's denial

---

[4] The appeal was referred to the Nevada Court of Appeals for a decision. ECF No. 20-48.

of his state post-conviction proceeding. ECF No. 20-43 at 34-39.

*Ground 4(C)* – In Ground 4(C), Villa alleges that his trial counsel was ineffective for failing to adequately challenge the victim's testimony regarding the substantial bodily harm purportedly inflicted by Villa. Villa argues that he exhausted this claim when he appealed the state district court's denial of his state post-conviction proceeding, but the claim is not included in his opening appellate brief. ECF No. 20-34. Villa contends that he nonetheless fairly presented the claim because it was included in his pro se post-conviction petition, which in turn was included in the appendix he submitted to the Nevada Supreme Court in support of his appeal. However, Nevada's appellate rules do not allow for incorporation by reference to issues presented in an appendix but not argued in the appellate brief. *See* Nev. R. App. P. 28(e)(2) ("Parties shall not incorporate by reference briefs or memoranda of law submitted to the district court or refer the Supreme Court to such briefs or memoranda for the arguments on the merits of the appeal."). Thus, Ground 4(C) is unexhausted. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion cannot be achieved by a procedurally deficient or improper means).

Alternatively, Villa argues that Ground 4(C) is technically exhausted because it would be procedurally barred if he returned to state court and that he can demonstrate cause and prejudice to overcome the procedural default. Villa is correct that any state petition he files at this point would be both untimely and successive under Nevada's procedural rules. *See* Nev. Rev. Stat. §§ 37.726, 34.810. He is also correct that, under such circumstances, a claim that has yet to be fairly presented to the state court "is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *See Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).

Villa contends that he can establish cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012). "Under *Martinez*, the procedural default of a

substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding ... and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Martinez*, 566 U.S. at 17)). However, the Court in *Martinez* emphasized that its ruling applied to initial-review collateral proceedings only and not to any other proceedings, including appeals from initial-review collateral proceedings. 566 U.S. at 16.

Here, Villa raised Ground 4(C) in the pro se petition he filed in the state district court. ECF No. 7 at 43-46, 53-54. He cites his appointed counsel's ineffectiveness in "fail[ing] to . . . assert the claim on appeal" as the cause for his default. ECF No. 41 at 27. Because *Martinez* unambiguously excludes ineffective assistance of counsel on post-conviction appeal as cause to excuse a procedural default, Villa's *Martinez* argument fails. Thus, Ground 4(C) must be dismissed as procedurally defaulted.

### III.   Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 31) is GRANTED in part and DENIED in part. Ground 2, Ground 4(A), and Ground 4(C) of the first amended petition for a writ of habeas corpus (ECF No. 27) are dismissed.

IT IS FURTHER ORDERED that respondents have 60 days from the date of entry of this order to file an answer to the remaining grounds for relief in the petition. Villa shall have 60 days from the date on which the answer is served on him to file and serve a reply.

Dated this 23rd day of September, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE